Cabell, J.
The first question is, whether the sheriff could properly proceed to levy the execution after the death of the plaintiff Robertson ? In Clerk v. Withers, 2 Ld. Raym. 1072. 1 Salk. 322. 6 Mod. 290. it was decided, that a sheriff having levied, an execution might go on to sell, notwithstanding the subsequent death of the plaintiff. The principles on which that case was decided, have been uniformly considered as authorizing the sheriff to levy, after the plaintiff’s death, an execution which had issued before. At common law, a fieri facias bound the goods from its teste; and though a subsequent statute declared, that it. should bind only from the time it was delivered to the sheriff, yet it was held, that that was for the benefit of purchasers for valuable consideration, and did not change the rights of the parties. The plaintiff, therefore, so far as the defendant was concerned, acquired a lien on the property, from the date of the execution; and as the sheriff derived his authority from the writ, and as the execution is an intire thing, the sheriff might proceed to levy and sell, notwithstanding the death of either party. 2 Bac. Abr. Execution. C. 4. p. 71(5. Tidd’s prac. 916. 1 Archb. prac. 260.
*394 If, the sheriff was right in levying the execution, he was, of course, bound to receive the forthcoming bond. And I conceive it perfectly clear, that if he is to take the bond, he ought to take it payable to the plaintiff, although he may ¿ead. To whom else could it be taken ? for no person may have qualified as his executor or administrator. Besides, if it be not taken to him, it will not conform either with the execution or the judgement. If there could, formerly, have been any question as to the validity of a bond thus taken, all doubts are removed by the statute of 1819-20, ch. 28. § 2. Sess. Acts, p. 24. which, after mentioning particular bonds, declares that “ all other bonds and obligations, given for a good and valuable consideration, shall be as good and available in law, though the obligee, or obligees, or part of the obligees therein mentioned, be dead at the time of the execution thereof, as if such obligee, or obligees' had then been in full life.”
The only remaining question is, as to the person who is entitled to move for judgement on the forthcoming bond ; whether it be the personal representative of Robertson the obligee, or the personal representative of the estate of Cole of whom Robertson was the executor. The statute (Tate’s Dig. Executions, p. 225, 6.) provides, that motions on forthcoming bonds, are to be made, “ in behalf of the obligee or obligees, their executors or administrators.” A literal construction of this act might, probably, require the motion, in this case, to be made by Turnbull in his character of representative of Robertson, and not in his character of representative of Cole. But the court is of opinion, that" the law ought not to receive that construction. The judgement in this case, was in favour of Cole’s estate; and if no execution had issued, the judgement could have been revived by no person but the personal representative of Cole’s estate. Now, the forthcoming bond adds nothing to the force of the former judgement. It has itself only the force of a judgement, and is not an administration of the assets. This bond, then, is still the property of Cole’s estate: that estate *395 ought to be considered the obligee in the bond, and it ought to be proceeded on by the person entitled to the assets; namely, the representative of Cole’s estate. That has been done in this case; for the motion was made by Turnbull as representing Cole’s estate.
The judgement is to be reversed, and judgement entered for the plaintiffs in error, awarding execution on the forthcoming bond.